# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE WASHINGTON DUNN, | : | MOTION TO VACATE |
| BOP # 61181-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:09-CR-320-TCB-JKL-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:15-CV-2319-TCB-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant, George Washington Dunn, through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 447.] Movant subsequently filed an amended motion to vacate [Doc. 448] but did not seek to withdraw his original motion to vacate. The Government filed a response [Doc. 456], but Movant did not file a reply. For the reasons given below, the undersigned recommends that the motions to vacate be dismissed as untimely.

I.   Background

Following a jury trial that concluded on September 26, 2011, Movant was convicted of (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, (2) possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), and

AO 72A
(Rev.8/82)

(3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c). [Docs. 303, 304.] On January 12, 2012, the District Court sentenced Movant to 205 months of imprisonment, followed by five years of supervised release. [Doc. 326.] The United States Court of Appeals for the Eleventh Circuit affirmed on August 14, 2013. *See United States v. Dunn*, 533 F. App'x 908 (11th Cir. 2013) (per curiam) (consolidated with *United States v. Allen*). [Doc. 391.] The United States Supreme Court denied certiorari on June 2, 2014. [Doc. 400.]

On May 29, 2015, Movant executed a *pro se* motion for extension of time to file a motion to vacate. [Doc. 442.] On June 10, 2015, the District Court granted the motion for extension of time and ordered Movant to file his motion to vacate by July 2, 2015. [Doc. 444.] Through counsel, Movant filed his motion to vacate on June 25, 2015, and his amended motion to vacate on June 26, 2015. [Docs. 447, 448.] Movant claims that (1) the proceedings were unfair because the Eleventh Circuit, District Court, trial counsel, and the jury erred, and (2) counsel provided ineffective assistance at trial and on appeal. [Doc. 447 at 1, 13-19; Doc. 448 at 1, 12-25.]

II.   Discussion

The Government argues that the motions to vacate are untimely. [Doc. 456 at 9-16.] Motions to vacate are subject to the one-year statute of limitations provided by

2

28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making a motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant's convictions became final when the Supreme Court denied certiorari on June 2, 2014. *See Clay v. United States*, 537 U.S. 522, 527 (2003). The one-year statute of limitations expired on June 2, 2015.[1] Movant filed his (1) motion to vacate twenty-three days late, on June 25, 2015, and (2) amended motion to vacate twenty-four days late, on June 26, 2015.

Movant executed his *pro se* motion for extension of time to file a motion to vacate four days before the expiration of the statute of limitations, but the Eleventh Circuit has determined that such a motion may not be granted. *See Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) (per curiam) ("[B]ecause [the

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

3

movant] had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court . . . lacked jurisdiction to consider [the movant's] requests for an extension of time to file a § 2255 motion . . . ."). Movant's *pro se* motion for extension of time could not have been construed as a motion to vacate because it did not contain any grounds for relief. *See id.* at 842-43 ("Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255.") (citing *Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011)). [*See* Doc. 442.]

In addition, although the District Court extended the time for Movant to file a motion to vacate on June 10, 2015, the statute of limitations had already expired eight days earlier. Accordingly, the motions to vacate are untimely under § 2255(f)(1).[2]

Movant argues that § 2255(f)(3) applies to a portion of his first ground for

---

[2] In a similar case, the District Court granted a movant's *pro se* motions for extension of time to file a motion to vacate but ultimately dismissed the motion to vacate as untimely under § 2255(f)(1). *See* Order, *Corker v. United States*, Nos. 1:13-cr-228-TCB-AJB-1 & 1:15-cv-698-TCB (N.D. Ga. Oct. 5, 2016) (adopting Final Report and Recommendation of Aug. 25, 2016).

AO 72A
(Rev.8/82)

relief, which concerns the admission of his cell phone data into evidence at trial even though the data had been searched without a warrant. [Doc. 447 at 10-11, 13-17; Doc. 448 at 9-10, 12-15.] Movant relies on *Riley v. California*, 134 S. Ct. 2473 (2014), which was decided on June 25, 2014, exactly one year before Movant filed his motion to vacate. In *Riley*, the Supreme Court held that law enforcement officers "must generally secure a warrant before conducting . . . a search [of an arrestee's cell phone data]." *Riley*, 134 S. Ct. at 2485. However, *Riley* is not retroactively applicable to cases on collateral review. *See, e.g.*, *Wagner v. United States*, Nos. 2:13-cr-120-RDP-HGD & 2:15-cv-8014-RDP, 2017 WL 1437508, at *4 (N.D. Ala. Apr. 24, 2017). [*See also* Doc. 456 at 11-13.] Therefore, § 2255(f)(3) does not apply to the relevant portion of Movant's first ground for relief.

Movant has not presented anything to (1) suggest the applicability of the circumstances set forth in § 2255(f)(2) and (4), (2) justify equitable tolling,[3] or (3) demonstrate actual innocence.[4] Accordingly, the undersigned recommends that the

---

[3] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion."

motions to vacate be dismissed as untimely.

Even if Movant had timely filed his motions to vacate, the Government correctly points out that his grounds for relief would fail on the merits. [Doc. 456 at 16-24.] The Eleventh Circuit's decision in Movant's appeal forecloses his first ground, which concerns issues that he raised on appeal. [*See* Doc. 447 at 17-18; Doc. 448 at 16-23.] "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)).

Movant's second ground concerns ineffective assistance of counsel at trial and on appeal. In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption

---

*United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.  The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel.  *See Smith v. Robbins*, 528 U.S. 259, 285-89 (2000).

Movant claims that trial counsel was ineffective because he "did not give the required notice of his intent to call [a federal agent] as a witness to impeach the testimony of [Movant's co-defendant]." *Dunn*, 533 F. App'x at 909-10.  [Doc. 391 at 3; Doc. 447 at 18-19; Doc. 448 at 24-25.]  However, as the Eleventh Circuit determined in Movant's appeal, "the testimony that [Movant] asserts he would have elicited from [the agent] is so insignificant that, even if there were error [by the District Court in excluding the testimony], it would be harmless." *Id.* at 910.  [Doc.

7

391 at 3.] It follows that even if trial counsel was deficient in failing to give the required notice, Movant was not prejudiced by the absence of the agent's "insignificant" testimony.

Movant claims that appellate counsel was ineffective for failing to challenge the admission of Movant's cell phone data into evidence. [Doc. 447 at 18; Doc. 448 at 23-24.] Movant correctly explains that during his appellate proceedings in 2012 and 2013, many courts did not require law enforcement officers to obtain a warrant in order to search cell phone data after making a drug-related arrest. [Doc. 447 at 13, 15, 18; Doc. 448 at 12, 14, 23.] Although the Supreme Court decided to require a warrant in that situation in *Riley* in 2014, appellate counsel could not have been ineffective for failing to foresee a new development in the law. *See Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999).

Accordingly, Movant should be denied § 2255 relief.

III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

8

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

9

AO 72A
(Rev.8/82)

IV.  Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that (1) the motions to vacate [Docs. 447, 448] be **DISMISSED** as untimely, (2) a certificate of appealability be **DENIED**, and (3) civil action number 1:15-cv-2319-TCB-JKL be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the motions to vacate to the undersigned.

**IT IS SO RECOMMENDED**, this 16th day of October, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)